# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

THURMAN EDWARD AVERY, JR.,

　　*Plaintiff,*

v.

MENTAL HEALTH OF SMU, *et al.,*

　　*Defendants.*

CIVIL ACTION NO.
**5:17-cv-00158-TES-CHW**

## ORDER

Presently pending before the Court is the Recast Complaint filed by *pro se* Plaintiff Thurman Edward Avery, Jr., a prisoner most recently incarcerated at the Augusta State Medical Prison in Grovetown, Georgia. *See* [Doc. 12]. For the following reasons, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] **without prejudice** and **DENIES** Plaintiff's remaining pending motions [Docs. 16, 17, 18] **as moot**.

## I.　Procedural History

The Court liberally construed Plaintiff's original filing in this case as a Complaint [Doc. 1] seeking relief pursuant to 42 U.S.C. § 1983. On July 11, 2017, the United States Magistrate Judge ordered Plaintiff to (1) pay an initial partial filing fee of $19.17, and (2) refile his Complaint on the Court's standard form. *See* [Doc. 6]. The Magistrate Judge gave Plaintiff 21 days to comply and warned Plaintiff that failure to fully and timely comply with the Court's orders could result in the dismissal of his Complaint. [*Id*. at 3].

The deadline for compliance with the July 11, 2017, Order passed without a response from Plaintiff. Accordingly, on August 14, 2017, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply. *See* [Doc. 7]. The Magistrate Judge again gave Plaintiff 21 days to respond and once again warned Plaintiff that his failure to respond would result in the dismissal of his Complaint. [*Id.* at 1-2].

After the Court docketed the Show Cause Order [Doc. 7], Plaintiff filed two motions [Docs. 8, 9]. At least one of these filings could presumably be construed as a response to the Court's Show Cause Order [Doc.7]. Despite their titles,[1] both of the motions requested that the Court "suspend," "stay," or "toll" this case until Plaintiff's release from prison, primarily due to his "mental health status" and limited law library access. *See* [Doc. 8]; *see also* [Doc. 9] (requesting a stay "due to facts that are hard to prove unless investigated by the proper attorneys").

Given Plaintiff's failure to pay the initial partial filing fee, the Magistrate Judge informed Plaintiff that once he paid the appropriate filing fee and filed a recast of his Complaint as ordered, the Court would conduct an initial screening of his recast complaint in accordance with 28 U.S.C. § 1915A and § 1915(e). The Magistrate Judge further explained that Plaintiff would not be required to "prove" any facts at the screening stage, as the Court would accept Plaintiff's factual allegations as true. *See*

---

[1] Doc. 8 is entitled "Motion to Have Complaint Tolled" and Doc. 9 is entitled "Motion to Continue."

[Doc. 10, at 2]. The Magistrate Judge also observed that Plaintiff failed to allege any specific facts showing how his "mental health status" and inability to obtain additional legal research would merit a stay in this case. [*Id*. at 2-3]. Accordingly, the Magistrate Judge denied Plaintiff's motions and again ordered Plaintiff to recast his original Complaint [Doc. 1] and pay the initial partial filing fee as previously ordered. [*Id*. at 4]. The Magistrate Judge also directed Plaintiff to submit a renewed motion for leave to proceed *in forma pauperis* if Plaintiff was unable to pay the previously-ordered filing fee and again advised Plaintiff that failure to fully and timely comply with the Court's orders could result in the dismissal of his claims. [*Id*.].

On March 13, 2018, Plaintiff subsequently filed a Recast Complaint [Doc. 12],[2] but failed to pay the initial partial filing fee or file a renewed motion for leave to proceed *in forma pauperis.* The Magistrate Judge observed, that although Plaintiff stated he was attempting to obtain his "forma pauperis forms" from the prison, Plaintiff never explain his continued failure to pay the initial partial filing fee as directed on several occasions. *See* [Doc. 14, at 2-4]. In addition, the Magistrate Judge noted Plaintiff's material misrepresentations on his standard complaint form. [*Id*. at 2]. Specifically, Plaintiff checked, "No" in response to the form's question inquiring whether he "ever filed any lawsuit while incarcerated or detained[.]" [*Id*.]. Plaintiff has, in fact, previously filed at

---

[2] The Recast Complaint [Doc. 12] raises claims that appear to have occurred after the filing of the original Complaint in this case. *See generally* [Doc. 12].

least four civil actions in this Court.[3] In light of this discovery, the Magistrate Judge once again ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for (1) Plaintiff's failure to comply with the Court's previous orders and instructions concerning the partial filing fee, and (2) Plaintiff's abuse of the judicial process with respect to the material misrepresentations made on his Recast Complaint form. [*Id*. at 3].

In response, Plaintiff filed four documents to the Court's second Show Cause Order [Doc. 14]. First, Plaintiff filed a letter stating that he did not intentionally misinform the Court with respect to his litigation history. *See* [Doc. 15]. Plaintiff contends his misstatement "was due to ongoing mental difficultys [sic]," "lack of education," and "loss of memory" for which he plans to seek medical assistance at his yearly physical. [*Id*.]. Plaintiff also filed an additional motion to appoint counsel [Doc. 16]; a motion to recast his complaint [Doc. 17]; and another motion to stay, toll, or suspend his case [Doc. 18]. In none of these documents did Plaintiff explain his failure to pay the initial partial filing fee or provide any additional factual detail concerning the mental condition that allegedly prevented him from disclosing his prior lawsuits.

---

[3] *Avery v. Chapman*, 5:15-cv-00456-LJA-CHW (M.D. Ga. Nov. 27, 2015); *Avery v. Chapman*, 5:15-cv-00457-MTT-MSH (M.D. Ga. Nov. 27, 2015); *Avery v. McCloud*, 5:15-cv-00458-CAR-CHW (M.D. Ga. Nov. 27, 2015); *Avery v. McCloud*, 5:16-cv-00014-MTT-CHW (M.D. Ga. Jan. 1, 2016).

## II.    Dismissal of Plaintiff's Claims

Plaintiff's claims are subject to dismissal for two reasons. First, Plaintiff failed to comply with the Court's instructions and orders to either pay the required initial partial filing fee or explain why he is presently unable to pay this amount. The Court repeatedly warned Plaintiff that his continued failure to comply with the Court's Orders warrants dismissal. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

Second, a prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam); *see also Shelton v. Rohrs*, 406 F. App'x 340-41 (11th Cir. 2010) (per curiam) (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court). "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936 (*citing McNeil v. United States*, 508 U.S. 106 (1993)).

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, given the district court's duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09-cv-943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). Furthermore, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Here, it is clear that Plaintiff failed to disclose his complete litigation history on a complaint form that unambiguously requires this disclosure and specifically provides,

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE."  *See* [Doc. 12, at 2] (emphasis in original).  Plaintiff has not provided any facts supporting his explanation that he suffers from some unspecified medical condition causing certain memory problems.  In fact, Plaintiff actively participated in his previously filed lawsuits and ably filed and respond to various motions and other documents therein. Plaintiff's assertion that he did not remember his pervious lawsuits lacks credibility, and his claims are therefore subject to *sua sponte* dismissal.  *See Sears*, 509 F. App'x at 936; *Shelton*, 406 F. App'x at 340-41 (concluding that district court did not abuse its discretion in dismissing prisoner complaint where prisoner contended that "he did not remember filing any civil suits" because prisoner "would have known that he filed multiple previous lawsuits").

III.  **Conclusion**

Based on the foregoing, the Court **DISMISSES** Plaintiff's claims **without prejudice**[4] pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii) for failing to comply with the Court's orders and instructions and for

---

[4] This dismissal is without prejudice.  It does not appear that the applicable statute of limitations would bar Plaintiff from re-filing the claims raised in his Recast Complaint, which superseded the original Complaint in this case.  *See* [Doc. 10] (advising Plaintiff that "[t]he recast complaint will supersede (take the place of) the original Complaint in this case"); *see also* [Doc. 12]. The Court notes, however, that dismissal with prejudice would nonetheless be appropriate in this case based on Plaintiff's clear record of delay and willful misconduct. The Court ordered Plaintiff to comply with its orders and instructions on multiple occasions and specifically warned Plaintiff—each time—that failure to comply would result in dismissal of his lawsuit. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).

failing to disclose his litigation history. Accordingly, the Court **DENIES** Plaintiff's

remaining pending motions [Docs. 16, 17, 18] **as moot**.

      **SO ORDERED**, this 11th day of June, 2018.


S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**